This action was brought against the maker of a promissory note, and four individuals who allegedly assumed payment thereof. It was returned to this court the third Tuesday of September, 1972. In a pleading captioned, "Motion to Show Cause," dated April 17, 1974, the plaintiff recited that he had previously made certain garnishments, at the commencement of the action, but that the garnishments might not be sufficient to secure a judgment for him. He therefore requested that *Page 123 
the defendants be cited to "show cause why the plaintiff should not be given permission to attach the real estate owned by the defendants in South Windsor and Hartford."
 I
The original authority for attachments, during the pendency of an action, was § 52-281 of the General Statutes. Section 52-281 did not mandate notice to a defendant of the application, nor an opportunity to be heard, prior to granting thereof.
The plaintiff argues that the recent enactment of Public Act No. 73-431, relative to prejudgment remedies, hereinafter called PJRs, does not affect his present petition. He points out that, by its terms, applications for PJRs, and an order thereon, are permitted only where the petition is filed prior to the commencement of an action. Public Act 73-431 is silent as to a specific procedure for securing attachments after the action has been commenced but prior to judgment. The plaintiff has therefore filed his "Motion to Show Cause," and claims that this is a legal device to secure an attachment during the pendency of this action.
 II
Section 1(d) of Public Act No. 73-431 defines a PJR as "any remedy" enabling a plaintiff, by way of attachment, inter alia, to deprive a defendant of, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment. This definition embraces petitions which, for many years, were filed under § 52-281.
Section 2 provides that, notwithstanding any provision of the General Statutes to the contrary, no PJR shall be available to a plaintiff until he complies with Public Act 73-431. *Page 124 
Based on §§ 1 and 2 of Public Act 73-431, no PJR may be obtained by a plaintiff, whether under § 52-281, or otherwise, unless the applicant faithfully complies with the terms of Public Act 73-431.
As previously stated, the plaintiff argues that Public Act 73-431, by its terms, could never have been intended to supersede or invalidate § 52-281. The court has reached a contrary conclusion, particularly in view of § 2 of Public Act 73-431.
As to implied repeal of § 52-281, on enactment of Public Act 73-431, see McAdams v. Barbieri,143 Conn. 405, 413.
It is apparent that the General Assembly, by enacting Public Act 73-431, intended to prohibit supplemental attachments under § 52-281. This was an obvious response to the recent decisions of the federal courts, nullifying such liens, obtained ex parte, and without notice to a defendant, and an opportunity to be heard. See Fuentes v. Shevin,407 U.S. 67; Sniadach v. Family Finance Corporation,395 U.S. 337.
This conclusion must stand, whether the petition is initiated by ex parte application, pursuant to the prior practice under § 52-281, or, as plaintiff attempted herein, by a motion to show cause, with notice to the defendants appearing in the present case. The short answer is that § 52-281 does not provide for a hearing, on a motion to show cause, such as the one filed herein by the plaintiff. Absent this provision, the plaintiff's attempt to insert such a procedure, pursuant to his motion, must fail.
Unless the statutes clearly permit a supplemental attachment of real estate, and specifically provide the detailed and valid mechanics thereof, there can be no constitutional supplemental attachment.Chapel-High Corporation v. Cavallaro, 141 Conn. 407,410. *Page 125 
If the net result of the court's conclusion is that there is no recognized and valid procedure, at this time, for obtaining a supplemental attachment, the defect is beyond the power of this court to cure. This court cannot, by judicial fiat, compensate for a legislative failure to create a revised procedure for supplemental attachments, by way of appropriate amendments to § 52-281, or Public Act 73-431. The remedy lies with the General Assembly and not with this court. United Aircraft Corporation v.Fusari, 163 Conn. 401, 414.
 III Whether the present application is construed to be one made under §