TOWN OF BROOKFIELD *v.* GREENRIDGE, INC., ET AL.

SUPERIOR COURT      FAIRFIELD COUNTY      FILE NO. 145736
AT BRIDGEPORT

Memorandum filed November 4, 1977

*Cutsumpas, Collins & Hannafin,* for the plaintiff.

*Cohen & Durling,* for the defendants.

DeVita, J. This case has gone to trial and a judgment was rendered in favor of the plaintiff in the amount of $38,000 on the first count and in the amount of $15,000 on the second count. Subsequently, the defendants filed their notice of appeal. The plaintiff has made an application for a "supplemental prejudgment remedy," because the amounts presently attached are allegedly insufficient to secure the sum of the judgment. The defendants oppose the application on the grounds that, as defined in General Statutes § 52-278a (d), a prejudgment remedy is one which affects the property of the defendant "prior to final judgment." They claim that since "final judgment" has been rendered by the trial court no prejudgment remedy will lie.

The court is faced with the task of determining the meaning of "final judgment" as used in chapter 903a of the General Statutes. The defendants argue that the definition of final judgment as it is used in determining whether appellate remedies are available is applicable. The logic continues that since this case is an appeal there must have been a final judgment and there can be no prejudgment remedy.

There is no indication that the legislature intended final judgment to have the same meaning in this significantly different context. In 1974, the Court of Common Pleas held that there was "no recognized

and valid procedure, at this time, for obtaining a supplemental attachment" during the pendency of an action. *Levin* v. *Turner,* 31 Conn. Sup. 122, 125. In 1975, however, the legislature enacted § 52-278h which states that an application for prejudgment remedy may be filed *"at any time after* the institution of the action, and the forms and procedures provided therein shall be adapted accordingly." (Emphasis added.) By that provision the legislature intended a broad expansion of the time in which a prejudgment remedy could be used.

The phrase "final judgment" has many different meanings depending upon the context in which it is used. See 16A Words and Phrases, Final Decree or Judgment. Compare *Prevedini* v. *Mobil Oil Corporation,* 164 Conn. 287, with *Palverari* v. *Finta,* 129 Conn. 38. There is no reason for this court to assume that the legislature intended to apply the definition of final judgment with regard to a prerequisite for an appeal in the context of prejudgment remedies. To ascertain the intended meaning of "final judgment" as it is used in the prejudgment remedy context the court must look to the purpose of the statute. *Bahre* v. *Hogbloom,* 162 Conn. 549, 554; *Mack* v. *Saars,* 150 Conn. 290, 294. The purpose of the statute is to allow a plaintiff who can show probable cause that he will eventually succeed on the merits to encumber property of the defendant to protect himself from obtaining a judgment which cannot be satisfied. At the same time the statute seeks to protect the defendant from unreasonable encumbrances. It is as necessary to protect a plaintiff who has won at the trial level, when the final disposition of the case awaits appellate proceedings, as it is to protect that same plaintiff before trial. There is no reason to assume that the legislature intended, by using the phrase "final judgment," to deprive a plaintiff, who awaits final disposition of

the case, of the protection afforded by this statute. In any event the taking of an appeal stays the effect of the final judgment of the trial court. *Thomas* v. *Thomas,* 159 Conn. 477, 480. The court is of the opinion that a prejudgment remedy is available to a plaintiff who has won at the trial level and whose case is on appeal.

The application for a prejudgment remedy is granted.