[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 24, 1992, the jury in this personal injury action found the issues for the plaintiff, Marvin Coble, and against the defendants, Archie and Frankie's, Inc. and Vincent Howe, in the amount of $72,500. On August 19, 1992, a motion to set aside the verdict was denied, and notice of this decision was sent to counsel on September 16, 1992. On October 5, 1992, the defendants filed an appeal to the Appellate Court. On November 20, 1992, the plaintiff responded by filing an application for prejudgment remedy (#185). This application appeared on the special proceedings calendar on December 21, 1992, at which time the defendants made an oral objection to the application because it was, in their view, filed post-judgment. Because of the unusual posture of the case, the court reserved judgment on the motion.
The welter of post-trial motions here makes it somewhat unclear whether judgment has indeed entered in this case. But, assuming it has, an appeal has been filed, and the appellate process may well take a year or more. Should the plaintiff be precluded from pursuing a prejudgment remedy in these circumstances? The answer depends on how one interprets Conn. Gen. Stat. 52-278a(d), which defines "prejudgment remedy" as a remedy that enables a person to deprive a defendant in a civil action of his property "prior to final judgment."
When an appeal has been filed, has "final judgment" entered? In Town of Brookfield v. Greenridge, Inc., 35 Conn. Sup. 49
CT Page 32 (1977), Judge DeVita said that the answer is no. The taking of an appeal, he explained, stays the effect of the judgment of the trial court. Id. at 52. It is, moreover, "as necessary to protect a plaintiff who has won at the trial level, when the final disposition of the case awaits appellate proceedings, as it is to protect that same plaintiff before trial." Id. at 51. Besides, the level of probable cause is certainly greater after trial, in these circumstances, than before.
Although Brookfield was technically an application for a supplemental prejudgment remedy, its reasoning is persuasive here. The objection to the application for prejudgment remedy is overruled. The application shall be scheduled by the clerk's office for the special proceedings calendar for a hearing on the appropriate amount of the attachment.
JON C. BLUE Judge of the Superior Court