[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CONSOLIDATED MEMORANDUM OF DECISION RE MOTIONS TO DISSOLVE PREJUDGMENT ATTACHMENTS
These are post judgment motions in consolidated actions for debt that have gone to trial, resulted in judgments for the CT Page 3776 defendants, and are presently on appeal. The complaints were in two counts, the first count in each case being an action on a note and the second count claiming unjust enrichment. On September 28, 1993, following a fifteen day bench trial, judgment entered for all defendants. Connecticut National Bank v. Giacomi, 10 Conn. L. Rptr. No. 3, 66 (October 25, 1993). The plaintiff filed an appeal on October 15, 1993, and that appeal is currently pending in the Appellate Court. CNB v. Giacomi, No. A.C. 12929. The transcript was delivered on March 17, 1994, but no briefs have yet been filed. It is, consequently, likely that the case will not be resolved on appeal for several months.
Prejudgment attachments issued at an early date pursuant to Conn. Gen. Stat. 52-278f. At various times after the appeal was filed the defendants in the above-entitled cases filed motions to dissolve those attachments. (No motion has been filed in Connecticut National Bank v. DePastino, No. 106992, presumably because that case has been stayed for bankruptcy.) These motions have been consolidated for hearing and decision. For the reasons stated below, they must be granted.
The standard to be used by the court requires some explanation. The defendants proceed on two alternative, but irreconcilable, theories. They first claim that "final judgment" entered on September 28, 1993, when judgment entered in the Superior Court. Under this theory, the prejudgment remedies must be dissolved automatically, rather than as a matter of discretion, regardless of the merits. The defendants alternatively claim that the prejudgment remedies should be vacated as a matter of discretion given the findings of fact and conclusions of law set forth in the September 28, 1993 decision.
The defendants' first claim is unpersuasive. Conn. Gen. Stat. 52-278a(d) defines "Prejudgment remedy" as a remedy that affects the use, possession, or enjoyment of property "prior to final judgment." Under this definition, the defendants are correct that once "final judgment" enters, a prejudgment remedy automatically fails to be operative. This does not, however, mean that a Superior Court decision on appeal is a "final judgment" for purposes of this statute.
"The term `final judgment' is not `plain and unambiguous.'" Capalbo v. Planning Zoning Board of Appeals, 208 Conn. 480,486, 547 A.2d 528 (1988). The intended meaning of "final judgment" must be discerned from the purpose of the statute. CT Page 3777 Judge DeVita has explained that:
 The purpose of the statute is to allow a plaintiff who can show probable cause that he will eventually succeed on the merits to encumber property of the defendant to protect himself from obtaining a judgment which cannot be satisfied. At the same time the statute seeks to protect the defendant from unreasonable encumbrances. It is as necessary to protect a plaintiff who has won at the trial level, when the final disposition of the case awaits appellate proceedings, as it is to protect that same plaintiff before trial. There is no reason to assume that the legislature intended, by using the phrase "final judgment," to deprive a plaintiff, who awaits final disposition of the case, of the protection afforded by this statute.
Town of Brookfield v. Greenridge, Inc., 35 Conn. Sup. 49, 51-52,393 A.2d 1316 (1977).
Thus, if a plaintiff prevails at the Superior Court level and the defendant appeals, the plaintiff may obtain a prejudgment remedy for the first time while an appeal is pending. In that case the level of probable cause would be even greater after trial than before. Coble v. Maloney, 8 C.S.C.R. 140 (Feb. 8, 1993). Even if a defendant prevails in the Superior Court, as here, there are policy reasons not to automatically strip an appealing plaintiff of its prejudgment remedy protection. Suppose, for example, that while a case was on appeal, the Supreme Court were to issue a decision in another case that unambiguously invalidated the theory on which the trial court had proceeded. In that situation, it would be senseless to hold that an existing prejudgment remedy must automatically be dissolved.
The legislature has, however, authorized the court to modify or vacate existing prejudgment remedies as a matter of discretion. Conn. Gen. Stat. 52-278k provides that:
 The court may, upon any application for prejudgment remedy under section 52-278c, 52-278e, 52-278h
or 52-278i, modify the prejudgment remedy requested as may be warranted by the circumstances. The court may, upon motion and after hearing, at any time modify or vacate any prejudgment remedy granted or CT Page 3778 issued under this chapter upon the presentation of evidence which would have justified such court in modifying or denying such prejudgment remedy under the standards applicable at an initial hearing.
The two sentences contained in this statute apply to distinct situations. The first sentence is concerned with applications for prejudgment remedies. This sentence does not apply to prejudgment remedies issued under Conn. Gen. Stat. 52-278f, where the right to a predeprivation hearing has been waived. The second sentence applies to motions to modify or vacate existing prejudgment remedies. That sentence applies to "any prejudgment remedy granted or issued under this chapter." I conclude from this statutory language that, while defendants in commercial transaction cases who have waived their right to a notice and hearing are not statutorily entitled to predeprivation hearings, they are statutorily entitled to postdeprivation hearings on motions to modify or vacate prejudgment remedies already issued.
Section 52-278k states that the standards to be applied in modification or vacation hearing are "the standards applicable at an initial hearing." What are those standards in this case? Section 52-278f(3) requires a plaintiff in a commercial transaction case to "include in the process served on the defendant a notice satisfying the requirements of subsection (b) of Section 52-278e." Section 52-278e(b) provides that this notice shall set forth a statement of rights including "(1) the right to a hearing to object to the prejudgment remedy for lack of probable cause to sustain the claim." That is the standard applicable here. The prejudgment remedies previously issued should be vacated if there is a lack of probable cause to sustain the claims.
The remaining question concerns the nature of probable cause. At the conclusion of the plaintiff's case in chief I denied a motion for judgment of dismissal because the plaintiff had made out a prima facie case. Practice Book 302. In my September 28, 1993 Memorandum of Decision, however, I found that the defendants had successfully established certain special defenses and were thus entitled to judgment as a matter of law. Under these circumstances, is there a lack of probable cause to sustain the claims? The answer is plainly in the affirmative. "in considering whether probable cause is present, the trial court must consider the evidence of both parties because a valid defense may defeat probable cause." Roberts v. Caton, 224 Conn. 483, CT Page 3779 487 n. 4, 619 A.2d 844 (1993). See Augeri v. C. F. Wooding Co., 173 Conn. 426, 429, 378 A.2d 538 (1977).
Had I heard the evidence that I heard at trial at a hearing on a motion for prejudgment remedy I would have concluded that there was a lack of probable cause to sustain the claims. The fact that the evidence I heard was presented not at a relatively summary pretrial hearing but at a full-scale trial that was well tried on both sides increases my confidence that the plaintiff (as well as the defendants) has had every benefit of a fair procedure. There has, in addition, been no legal or factual development since September 28, 1993 to cause me to question my decision of that date. The prejudgment remedies in each of the above-entitled cases are, consequently, vacated.
This order is stayed for a period of twenty days to allow the plaintiff to pursue any available review options.
Jon C. Blue, J. Judge of the Superior Court