[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS EX PARTE GARNISHMENT AND ATTACHMENT (#133)
The defendants, Central Realty Associates, a partnership, and Edward G. Pizzella, Robert J. Pizzella, Leonard D. DeMaio and Sidney Rosenblatt (defendants) have moved to dismiss garnishments of bank accounts and real estate attachments issued by plaintiff's attorney without prior court order in a foreclosure action which has been pending in this court since February 6, 1996.
The defendants claim that the prejudgment remedy was invalid because (1) personal service on the individual defendants and the garnishees, and the real estate attachments, were in violation of General Statutes § 52-278m; (2) the plaintiff did not comply with § 52-278f by failing to incorporate the commercial waiver in the complaint and failing to serve the notice required by § 52-278e (b) on all of the defendants; (3) the issuance of the prejudgment remedy without a prior court order is not authorized by law; (4) if such issuance is authorized then the plaintiff did not comply with the statutory requirements, and (5) the plaintiffs attempts to cure any deficiencies in its affidavit served with, and supporting the prejudgment remedy by filing a supplemental affidavit were ineffective.
For the reasons below stated, the defendants' motion to dismiss is denied.
I. FACTUAL AND PROCEDURAL HISTORY
The defendants entitled this motion as a motion to dismiss. However, their motion is more properly characterized as a motion to dissolve the prejudgment remedy, as is the relief requested in the motion itself and the defendants' briefs, and the court will CT Page 289 treat it as such.
The plaintiff commenced a foreclosure action against the partnership defendant owner of the realty subject to the mortgage. Also named were the individual defendants as guarantors of the underlying mortgage note. The plaintiff also sought a deficiency judgment. The defendants appeared by counsel throughout, and one of the defendants, an attorney, filed a pro se appearance in addition to that on file. The defendants interposed fourteen special defenses and a three-count counterclaim. All of the defendants signed a `commercial waiver' of notice and hearing as part of the mortgage transaction, which waiver was incorporated in the mortgage note and the guaranty. It is not disputed by the defendants that the mortgage transaction constituted a commercial transaction within the meaning of § 52-278a(a).[1] Nor, do the defendants dispute the validity or genuineness of the waiver. Fearing that the plaintiff's security for the mortgage note was insufficient to cover the outstanding indebtedness, accrued interest and real estate taxes due, and anticipating a deficiency judgment, plaintiff's counsel issued attachments on certain of the defendants' real estate and garnishments of certain of their bank accounts, without a prior court order, relying on the defendants' commercial waiver and the provisions of §52-278f.[2]
In the light of the amount of time estimated for a full hearing on the merits on the defendants' motion to dissolve or modify the prejudgment remedy and the inability to schedule an immediate hearing thereon, the parties agreed to seek an immediate hearing limited to the issues above described, claiming that they were questions of law which did not require the taking of evidence. The defendants reserved the right to request, and have requested, a full hearing on their motion pursuant to §52-278k[3] to dissolve or modify the prejudgment remedy.
The court will consider the questions raised by the defendants in a different order than presented.
II DISCUSSION
A. Whether a prejudgment remedy may be issued by an attorney without prior court order based on a `commercial waiver' in an already pending action. CT Page 290
This claim requires little discussion. The defendants specifically argue that when the plaintiff commenced its action without issuance of a prejudgment remedy which it could have then obtained without a court order, it became bound by its election not to do so, and may not do so now without first securing a court order after motion, notice and hearing. In support of this argument they point to § 52-278f, which provides in pertinent part "In an action upon a commercial transaction, as defined in § 52-278a, wherein the defendant has waived his right to a notice and hearing under sections 52-278a to 52-278g, inclusive, the attorney for the plaintiff shall issue the writ for a prejudgment remedy without securing a court order provided that (1) the complaint shall set forth a copy of the waiver. . . ." They point to no other authority for their position, and claim that since § 52-278f (1) requires a complaint to be issued with the prejudgment remedy, such remedy may not be sought in an action already pending.
This argument is not persuasive for several reasons. First, § 52-278h states: "The provisions of this chapter shall apply to any application for prejudgment remedy filed by the plaintiff at any time after the institution of the action, and the formsand procedures provided therein shall be adapted accordingly."
(Emphasis added). Section 52-278h was enacted in 1975[4] after the court of common pleas held that there was "no recognized and valid procedure for obtaining a supplemental attachment during the pendency of an action." Levin v. Turner, 31 Conn. Sup. 122,125 (1974). It is clear that by enacting § 52-278h, presumably in response to Levin, the legislature intended to allow a plaintiff to seek a prejudgment remedy at any time after the suit was brought. See Babiarz v. Hartford Special, Inc.2 Conn. App. 388, 389, n. 2 (1984). ([Section 52-278h] "simply provides in general terms that the provisions governing prejudgment remedies apply to an application for such a remedy at any time after the suit is brought.")
Second, it is also clear that § 52-278h contemplates that forms and procedures would have to be appropriately adapted for a prejudgment remedy proceeding in an already pending action. As a complaint had already been issued, the issuance of a second complaint would be unnecessary and mere surplusage. The statutory scheme cannot be construed to require a useless and unnecessary requirement. CT Page 291
"Where a statute is clear and unambiguous, its words must be given their ordinary, common sense meaning." The B.F. GoodrichCo. v. Dubno, 196 Conn. 1, 8 (1985).
Third, § 52-278h also broadly incorporates the provisions of this chapter including § 52-278f, in allowing prejudgment remedies in already pending actions. If the legislature wished to exclude actions under § 52-278f from § 52-278h, it could easily have done so.
Moreover, § 52-278b states in pertinent part, "Notwithstanding any provision of the general statutes to the contrary, no prejudgment remedy shall be available to a person in law or equity (1) unless he has complied with the provisions of sections 52-278a to 52-278g, inclusive, except an action upon a commercial transaction wherein the defendant has executed a waiver as provided in section 52-278f. . . ." Reading these sections together, it is evident that the statutory scheme allows the issuance of a prejudgment remedy without prior court order in an already pending action on a commercial transaction, where, as here, the defendants have executed a valid waiver as provided in § 52-278f. "Statutes should be construed so that no part of a legislative enactment is to be treated as insignificant and unnecessary, and there is a presumption of purpose behind every statute, clause or phrase in a legislative enactment." UnionTrust v. Heggelund, 219 Conn. 260, 626 (1991).
The defendants secondarily claim that the plaintiff was required to proceed by motion, notice and hearing, in order to seek a prejudgment remedy in a pending action. They cite no authority for this argument and the court's own research revealed none. This stance has absolutely no merit, because if accepted it would render the provisions of § 52-278f nugatory.
B. Whether the plaintiff's attempt to cure any deficiencies in its initial affidavit by filing a supplemental affidavit was ineffective.
The plaintiff concedes that the affidavit dated November 21, 1997, filed with its prejudgment remedy papers, omitted to state that the affiant "[took] into account any known defenses, counterclaims or set-offs . . ." and therefore, may not have strictly complied with § 52-278f (2) which provides that the plaintiff shall file an affidavit sworn to by the plaintiff or any competent affiant setting forth a statement of facts CT Page 292 sufficient to show that there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater . ., taking into account any known defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff. . . ." That affidavit also failed to expressly state the valuation of the mortgaged property which was security for the plaintiff's note, but did claim an amount less than the stated outstanding balance of principal and interest claimed due on the note, which would indicate an implicit credit for the security held by the plaintiff. However, it is unnecessary to decide whether those omissions are fatal to the plaintiff's prejudgment remedy, because the plaintiff filed a supplemental affidavit prior to the date initially set for hearing on the matter. This affidavit cured all of the omissions pointed out by the defendants.
In a case strikingly similar to this, Judge Sheldon found that a timely filed and proper supplemental affidavit cured the omission of the affiant's "taking into account any known defenses, counterclaims or set-offs . . ." See Neiditz v. MagicVideo, Inc. Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV 94-536733 (November 23, 1994) (13 CONN. L. RPTR. 88). I find Judge Sheldon's reasoning compelling and conclude that the plaintiff's December 5, 1997 remedied the omissions in the initial affidavit furnished by the plaintiff.
C. Whether defects, if any, in personal service on the defendants or garnishees, or in the process, or other technical irregularities invalidated plaintiff's prejudgment remedy.
The defendants' remaining three claims relate to alleged technical defects in the service, and in the process, and may be considered together. The defendants first claim that the process was not served upon all of the defendants personally, but concede that it was served upon all of the garnishees. However, the process was served on defendants' attorneys, which is all that is required by § 52-278m, which provides in pertinent part, "Whenever a prejudgment remedy is sought under the provisions of sections 52-278h or 52-278i against a party who has previously filed a general appearance in such action, personal service of any application or order upon such party shall not be required, unless ordered by the court, but any such application or order may be served in the same manner as any motion in such action."
As plaintiff's counsel duty certified and made service of the CT Page 293 process upon defendants' attorney in accordance with Practice Book § 120 et seq, which defendants' attorney conceded was done, this claim fails.
The defendants next claim that the plaintiff failed to incorporate the commercial waiver in the complaint as required by § 52-278f(1). The defendants concede, as they must, that the commercial waiver was embodied in the mortgage note and guaranty, which was made an exhibit to, and incorporated in the initial complaint filed in this action. Moreover, the commercial waiver of notice and hearing of both the mortgagor and the individual guarantor defendants was restated verbatim in the plaintiff's initial affidavit. As so incorporated the waiver was served upon the defendants in the process as above stated. I conclude that the plaintiff complied with the plain intent of both §52-278h and § 52-278m.
The defendants' final claim is that the plaintiff failed to serve the notice required by § 52-278e(b)[5] upon all of the defendants. The plaintiff's process included Form JD-CV-55 Rev. 2-95, a form prescribed by the office of the Chief Court Administrator, which incorporates verbatim the advisement of rights set forth in § 52-278e(b), and which was served on defendants' attorney as above stated. The plaintiff's notice also complied with § 52-278e(c) which requires among other things, that the plaintiff set forth the names and addresses of garnishees, and a statement of the procedure for requesting a hearing on a motion to dissolve or modify the prejudgment remedy, by providing the claim form in its process as mandated by §52-278e(d). Accordingly, this claim has no merit.
CONCLUSION
For the reasons above stated, the defendants' motion to dismiss is denied, and the matter shall be scheduled for a full hearing on the defendants' remaining claims raised in their motion to modify or dissolve the prejudgment remedy.
Teller, J.