[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiff, attorney J. William Gagne, Jr., brought an action to recover damages for the defendant's failure to pay the plaintiff a portion of attorney's fees recovered in the settlement of a civil action. The plaintiff argued that the defendant was unjustly enriched by the plaintiff's work. The case was tried before a jury and a verdict was rendered in favor of the plaintiff. The trial court, Alander, J., set aside the jury verdict upon the defendant's motion for judgment notwithstanding the verdict. The plaintiff appealed to the Appellate CT Page 16055 Court and the appeal was subsequently transferred to the Supreme Court.
On March 6, 2001, the Supreme Court decided the following issue: whether a per se rule precluding recovery based on quantum meruit or unjust enrichment, despite the absence of bad faith or client consent, is appropriate when an attorney fails to put into writing a contingency fee agreement pursuant to General Statutes § 52-251c. The Court reversedAlan E. Silver. P.C. v. Jacobs, 43 Conn. App. 184, cert. denied239 Conn. 938 (1990) and held that an attorney who neglects to follow the dictates of § 52-251c may collect attorney's fees from a successor attorney after settlement. Gagne v. Vaccaro, 255 Conn. 390, 408 (2001). The judgment of the trial court was reversed in part and the case was remanded to the trial court to render judgment for the plaintiff on count four of his complaint (unjust enrichment).
On May 3, 2001, the plaintiff filed a motion for the calculation of interest pursuant to § 52-192a and Practice Book § 17-18. On May 25, 2001, the defendant filed a memorandum of law in opposition to the plaintiff's motion.
 DISCUSSION
The plaintiff argues that he satisfied the requirements set forth in § 52-192a[1] and is entitled to the interest accrued. The defendant counters with two interrelated arguments. First, that the equitable nature of an unjust enrichment cause of action falls outside the scope of § 52-192a. Second, that the punitive nature of the offer of judgment statute prevents its application to claims for equitable relief.
A. Section 52-192a — Offer Of Judgment Statute.
The underlying purpose of § 52-192a focuses on judicial economy. The offer of judgment statute serves to "encourage pretrial settlements and, consequently, to conserve judicial resources." (Internal quotation marks omitted.) Willow Springs Condominium Ass'n, Inc. v. Seventh BRTDevelopment Corp., 245 Conn. 1, 55, 717 A.2d 77 (1998). "The strong public policy favoring the pretrial resolution of disputes . . . is substantially furthered by encouraging defendants to accept reasonable offers of judgment." (Internal quotation marks omitted.) Id., 55-56. "[I]nterest awarded under § 52-192a is solely related to a defendant's rejection of an advantageous offer to settle before trial and his subsequent waste of judicial resources." (Internal quotation marks omitted.) Id., 56.
Section 52-192a (b) requires a trial court to award interest to a successful plaintiff computed from "the date of the filing of a complaint CT Page 16056 to the date of judgment whenever: (1) a plaintiff files a valid offer of judgment within eighteen months of the filing of the complaint in a civil complaint for money damages; (2) the defendant rejects the offer of judgment; and (3) the plaintiff ultimately recovers an amount greater than or equal to the offer of judgment." Id., 55; Loomis Institute v.Windsor, 234 Conn. 169, 180, 661 A.2d 1001 (1995). "[A]n award of interest under § 52-192a is mandatory. . . ." Blakeslee ArpaiaChapman, Inc. v. El Construction, Inc., 239 Conn. 708, 752, 687 A.2d 506
(1997).
B. The "Money Damages" Clause of 52-192a Does Not Preclude Unjust Enrichment Causes of Actions.
A trial court may afford a plaintiff equitable relief when there is no adequate remedy at law. Connecticut Savings Bank v. First National Bank,133 Conn. 403, 409, 51 A.2d 907 (1947); Practice Rule § 10-27. The distinction between actions in equity and law becomes meaningful when a court must decide if a jury trial is appropriate. In assessing the appropriateness of a jury trial, the court is instructed to "determine whether the action is essentially legal or essentially equitable. . . ."Texaco, Inc. v. Golart, 206 Conn. 454, 459, 538 A.2d 1017 (1988); Dickv. Dick, 167 Conn. 210, 221, 355 A.2d 110 (1974) (listing specific performance, constructive trusts and accounting as essentially equitable remedies). To accomplish this task, the court must review the complaint in its entirety and ascertain the essence of the claim. Id.; Commissionerof Environmental Protection v. Connecticut Building Wrecking Co., Inc.,227 Conn. 175, 182-83, 629 A.2d 1116 (1993).
In the present case, however, the abovementioned inquiry is unnecessary. Connecticut law categorizes unjust enrichment as an equitable right. "The right of recovery for unjust enrichment is equitable, its basis being that in a given situation it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff (Internal quotation marks omitted.) National CSS, Inc. v. Stamford, 195 Conn. 587, 597, 489 A.2d 1034
(1985); Gagne v. Vaccaro, supra, 255 Conn. 398-99.
The defendant asserts that an equitable basis for recovery does not fall under the "money damages" clause of § 52-192a (a). The defendant relies on the distinction between legal and equitable bases for recovery
rather than the dichotomy between legal and equitable forms of relief. The plain meaning of the statute suggests that the former distinction is irrelevant to the determination of whether § 52-192a applies in the present case.
The rules of statutory interpretation stipulate "[w]here the meaning of CT Page 16057 a statute [or rule] is plain and unambiguous, the enactment speaks for itself and there is no occasion to construe it. . . ." (Internal quotation marks omitted.) Pitchell v. Hartford, 247 Conn. 422, 432,722 A.2d 797 (1999). "A court should accord a statutory enactment its plain meaning." Carpenteri-Waddington, Inc. v. Commissioner of RevenueServices, 231 Conn. 355, 362, 650 A.2d 147 (1994). Section 52-192a
directs a court to consider whether prejudgment interest is appropriate in civil actions "based upon contract or seeking the recovery of moneydamages." (Emphasis added.) Accordingly, to determine if the plaintiff's cause of action falls within the purview of the statute, the meaning of "money damages" must be determined.
Several courts have defined the term "damages." "Damages" refers to monetary compensation for a loss or damage. (Internal quotation marks omitted.) Dinapoli v. Cooke, 43 Conn. App. 419, 682 A.2d 603 (1996), cert. denied, 239 Conn. 951, 686 A.2d 124 (1996), cert. denied,520 U.S. 1213, 117 S.Ct. 1699, 137 L.Ed.2d 825 (1997). "Inherent in any action for money damages is a plaintiff's claim that the defendant has harmed the plaintiff, and that the plaintiff's injury can be remedied by a monetary award." Blakeslee Arpaia Chapman, Inc. v. El Construction,Inc., supra, 239 Conn. 755. Ultimately the claim raised in the present case, as with the claim for damages in Blakeslee, is that "the defendant holds money that rightfully belongs to the plaintiff." Id.
The "money damages" clause in § 52-192a (a) has been partially interpreted. In Gionfriddo v. AVIS Rent A Car System, Inc., 192 Conn. 301,308, 472 A.2d 316 (1984), the Supreme Court held that personal injury claims fall within the purview of § 52-192a. See also Foley v.Huntington Co., 42 Conn. App. 712, 741, 682 A.2d 1026 (1996); cert. denied, 239 Conn. 931 (1996). The Court further held that the application of statutory treble damages does not preclude the imposition of prejudgment interest against the defendant. Id. 306-07.
In the present case, the plaintiff brought an action to recover money allegedly withheld by the defendant. The Supreme Court, in its memorandum of decision, referred to the plaintiff's suit as "an action to recover damages." Gagne v. Vaccaro, supra, 255 Conn. 390. Therefore, pursuant to the definition of "damages" set forth in Blakeslee, the plaintiff raised a claim to recover money, in the possession of the defendant, that rightfully belonged to the plaintiff.
The defendant argues, however, that the plaintiff's claim is neither "based on contract" nor "seeking the recovery of money damages." To support this proposition, the defendant cites Lakeview Associates v.Woodlake Master Condominium Ass'n. , 239 Conn. 769, 687 A.2d 1270 (1997). In Lakeview Associates, the plaintiff sought to compel the defendant to CT Page 16058 repair and maintain a private road pursuant to an easement. The trial court rendered judgment for the plaintiff; the plaintiff was awarded $298,400 plus interest pursuant to § 52-192a, with the stipulation that if the repair costs totaled less than the award, then the excess would be refunded to the defendant.[2] Id. 774-75. On appeal, the Supreme Court determined that the trial court erroneously awarded the plaintiff interest pursuant to § 52-192a. The Court held "[w]e are aware of no authority, and the plaintiff has provided us with none, to support a claim that § 52-192a applies in circumstances where, as here, the relief granted is not simply the award of a sum certain but, rather, an equitable remedy not available at law." Id. 785.
The Court, in Lakeview Associates, focused on the relief sought. InLakeview Associates, the plaintiff's primary prayer for relief centered on "an injunction requiring [the defendant] to maintain Woodlake Road and keep it in good repair, or, alternatively, an injunction prohibiting [the defendant] and its members from further use of [Woodlake Road]." Id. 785 n. 25. Applying the Lakeview Associates rational to the present case, the plaintiff is entitled to interest pursuant to § 52-192a. The plaintiff sought monetary compensation for the work he performed.[3] Absent from the complaint were requests for non-monetary forms of relief such as an injunction or specific performance. While recognizing that this is a case of first impression, the court holds that the text coupled with the Supreme Court's interpretation and application of § 52-192a, supports the plaintiff's claim for prejudgment interest.
C. The Punitive Nature of § 52-192a Does Not Preclude Interest On Unjust Enrichment Causes of Actions.
The defendant next contends that the punitive nature of § 52-192a
precludes the statute's application to verdicts premised on equitable bases for recovery. "It is the punitive aspect of [§ 52-192a] that effectuates the underlying purpose of the statute and provides the impetus to settle cases."[4] (Internal quotation marks omitted.)Blakeslee Arpaia Chapman, Inc. v. El Construction, Inc., supra,239 Conn. 752 (refusing to acknowledge an exception to § 52-192a
within the context of an automatic stay); Lutynski v. B.B. J.Trucking, Inc., supra, 31 Conn. App. 812-13. Yet, the punitive application of § 52-192a "does not depend on an analysis of the underlying circumstances of the case or a determination of the facts. . . ." (Internal quotation marks omitted.) Blakeslee ArpaiaChapman, Inc. v. El Construction, Inc., supra, 239 Conn. 752.
The Supreme Court has construed the offer of judgment statute liberally. Despite the dearth of authority on this issue, case law CT Page 16059 suggests an expansive interpretation of § 52-192a. The Court, inGionfriddo, determined that the underlying purpose of § 52-192a
"provides no basis for the distinction between jury cases and court cases." Gionfriddo v. AVIS Rent A Car System, Inc., supra,192 Conn. 305-06. Subsequently, the Court, in Loomis Institute, read the term "civil action" to include administrative appeals along with tax appeals. Loomis Institute v. Windsor, supra, 234 Conn. 180.
Finally, several superior court decisions have allowed plaintiffs to collect interest under § 52-192a on equitable causes of action. InMoschini v. Bristol Crane Service, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 579527 (November 18, 1999), the trial court awarded interest pursuant to § 52-152a to a plaintiff who successfully asserted an unjust enrichment claim. See also SEMCO Manufacturing, Inc. v. B-G Mechanical Contractors, Inc., Superior Court, judicial district of Hartford-New Britain, at Hartford, Docket No. 522990 (August 22, 1994). Finally the court, in YaleUniversity School of Medicine/Office of Professional Services v.Wurtzel, Superior Court, judicial district of New Haven at New Haven, Docket No. 275314 (October 5, 1992), determined that the plaintiff was entitled to interest pursuant to § 52-192a for damages stemming from a claim of quantum meruit.
The issue is one of statutory interpretation in which there is no clear appellate authority. However the plain meaning of "money damages" includes a plaintiff seeking monetary compensation based upon a claim of unjust enrichment. The statutory purpose to preserve judicial resources is expansive and comports with a liberal interpretation of the money damages" clause of § 52-192a. The statute provides that the court "shall" add interest. There is nothing in the statute which suggests that the judge should evaluate the motives or reasonableness of a party in refusing an offer of judgment.
D. Offer of Judgment was Filed Within 18 Months of the Filing of the Complaint
The action was first initiated by an Application for Prejudgment Remedy on April 13, 1995. As required by Connecticut General Statute 52-278c the plaintiff attached to that application his "proposed unsigned writ summons and complaint." Thereafter the complaint dated May 5, 1995 was filed in court on May 12, 1995. The plaintiff filed his offer of judgment on November 8, 1996. Although the plaintiff's offer of judgment was not filed within 18 months of the application for the prejudgment remedy in April of 1995 it was clearly filed within 18 months of the filing of the complaint. Connecticut General Statute § 52-252 a provides . . .
CT Page 16060 "The interest shall be computed from the date the complaint in the civil action was filed with the court if the offer of judgment was filed not later than 18 months from the date of filing such complaint." (Emphasis supplied.)
E. Termination Date of Offer of Judgment Interest
Where there is a rescript that modifies the judgment, post judgment interest is to run from the date of the original judgment. It should be as if the correct judgment had been issued by the original trial court, with interest running from that date. See Gionfriddo v. AVIS Rent A CarSystem, Inc., 192 Conn. 301, 307-08 (1984). Patron v. Conover,43 Conn. App. 645, 652 (1996). In the instant case, the judgment set aside by the trial court would have entered on December 29, 1999. This court holds that the plaintiff is entitled to offer of judgment interest from November 8, 1996 through December 29, 1999.
F. Section 37-3a Interest
Further, although the matter appears not to have been argued by the defendant, the court finds an entitlement to post judgment interest pursuant to Connecticut General Statute § 37-3a commencing on December 30, 1999.
G. A Prejudgment Remedy and Disclosure of Assets
This court is not inclined to decide the entitlement to a prejudgment remedy based on technical arguments concerning the date of entry of judgment. It is reasonable to assume that an appeal of the court's order this day on this issue of first impression concerning the entitlement to offer of judgment interest may be appealed. Further, it is reasonable to assume that that appeal may take a year or more to reach conclusion. The question before the court is whether the plaintiff should be precluded from pursuing a pre judgment remedy under these circumstances. Connecticut General Statute § 52-478a (d) defines "pre judgment remedy" as a remedy that enables a person to deprive a defendant in a civil action of his property "prior to final judgment." As stated byDeVita, J., in Town of Brookfield v. Greenridge, Inc., 35 Conn. Sup. 49
(1977) the taking of an appeal would stay the judgment of the trial court and the protection of a prejudgment remedy is "as necessary to protect the plaintiff who has won at the trial level when the final disposition of the case awaits appellate proceeding, as it is to protect the same plaintiff before trial." Id. at 51.
Practice Book § 13-13 provides: CT Page 16061
 "The judicial authority may, on motion, order any appearing party against whom a prejudgment remedy has been granted to disclose property in which the party has an interest or debt owing to the party sufficient to satisfy a prejudgment remedy."
Unless the parties can agree on the amount of an acceptable prejudgment remedy calculated in accordance with this opinion, the application shall be scheduled by the clerk's office for a special proceeding calendar for a hearing on the appropriate amount of the attachment. At that time the court will entertain the motion to disclose assets in accordance with § 13-13. Plaintiff's counsel is instructed to prepare a proposed judgment file calculating interest in accordance with this memorandum.
By the Court,
Kevin E. Booth Judge of the Superior Court