[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF REPUBLIC CREDIT CORPORATION I'S APPLICATION FOR PREJUDGMENT REMEDY
In this foreclosure action, judgment of strict foreclosure was granted on October 7, 1995. The judgment was appealed to the Appellate Court. By decision released February 5, 2002, the judgment of the trial court was upheld. Defendants, Joseph M. Caldrello and Sandra Caldrello, have indicated that they will request certification to appeal the decision of the Appellate Court to the Supreme Court.
The courts have recognized that prejudgment remedy is available to a plaintiff who receives judgment at the trial level and the case is on appeal. Town of Brookfield v. Green Ridge, Inc., 35 Conn. Sup. 49 (1977);Winstead Land Development Company v. Design Collaborative Architects,P.C., 25 Conn.L.Rptr. 618.
Defendants Caldrello object to the granting of the application on the grounds that Republic did not comply with Practice Book § 10-12 and that the foreclosure was in violation of the FDIC statement of policy.
Republic instituted the application for prejudgment remedy by CT Page 1478 application to the clerk. The clerk issued a summons to Joseph M. Caldrello and Sandra Caldrello. There are numerous other defendants, all of whom have been defaulted. These parties were not summoned in and notice of the application was not initially sent to these defendants with an endorsement indicating service.
Republic's attorney reported, on the record, that notice of the application was later served on all parties and that the certification would be filed.
It is doubtful that any of these parties would have an interest in the application. If there has been a technical violation of the rules, it is of no great consequence. All parties have been notified of the application and can protect whatever interests they may have in the matter. Under the circumstances of this case, compliance with the Practice Book is not a sufficient reason to deny the application. See Practice Book § 1-8.
Defendants Caldrello also claim that the application should not be granted because the foreclosure was not done in accordance with the Statement of Policy on Foreclosure Consent and Redemption Rights previously issued by the FDIC. This case has been pending since 1989 and this claim has only recently been raised. For the purpose of considering the application now before the court, final adjudication is not required. Probable cause is sufficient.
It is found that upon consideration of the facts, Republic has shown probable cause to believe that final judgment will be rendered in its favor and that the prejudgment remedy should be granted. Therefore, it is ordered that:
(A) Defendants Joseph M. Caldrello and Sandra Caldrello and any individual operating in concert with them or pursuant to their direction are restrained from disposing, transferring or encumbering any of their assets during the pendency of the appeal of this case or until further order of this court; and
(B) Joseph M. Caldrello and Sandra Caldrello are to appear and testify so as to disclose assets that may be available to satisfy such judgment; and
(C) The assets, goods and/or chattels of defendants Joseph M. Caldrello and Sandra Caldrello may be attached and secured to the value of $3,000,000.
Joseph J. Purtill CT Page 1479 Judge Trial Referee