[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S APPLICATION FOR PRE-JUDGMENT REMEDY
 STATEMENT OF THE CASE
After judgment in favor of the plaintiff, he filed a motion for prejudgment interest, inter alia, which the defendant opposed.
On December 10, 2001, the court (Booth, J.) filed a Memorandum of Decision after hearing the parties on that and a variety of other issues.
In that decision, the court awarded offer of judgment interest, CT Page 8102 determined that post judgment interest should commence on December 30, 1999, and addressed the plaintiffs application for a prejudgment remedy and disclosure of assets.
Noting that the award of offer of judgment interest may be appealed, and that appeal could take a year or more before finality, it granted the application.
At page 13 of its decision the court said: "The question before the court is whether the plaintiff should be precluded from pursuing a pre judgment remedy under these circumstances. Connecticut General Statute § 52-478a (d) defines "pre judgment remedy" as a remedy that enables a person to deprive a defendant in a civil action of his property "prior to final judgment." As stated by DeVita, J., in Town of Brookfield v.Greenridge, Inc., 35 Conn. Sup. 49 (1977) the taking of an appeal would stay the judgment of the trial court and the protection of a prejudgment remedy is "as necessary to protect the plaintiff who has won at the trial level when the final disposition of the case awaits appellate proceeding, as it is to protect the same plaintiff before trial." Id. at 51."
Then, referring to Practice Book section 13-13, he quoted that section:
 "The judicial authority may, on motion, order any appearing party against whom a prejudgment remedy has been granted to disclose property in which the party has an interest or debt owing to the party sufficient to satisfy a prejudgment remedy."
It is clear from this reading and the last paragraph of the decision that the application was granted and the disclosure of assets would be considered at a subsequent hearing "on the appropriate amount of the attachment." (Page 14).
In light of this decision, the defendant's position appears to be that this court should "review" Judge Booth's decision. He has cited Town ofEast Lyme v. Alfred Wood, 54 Conn. App. 394 (1999) to support his claim that this remedy is not available because the case has gone to judgment.
The court finds nothing in the Wood case to justify such action and the court confirms that the application has been granted.
No objection having been raised as to the computation stated by the plaintiff at the hearing and in accordance with the update provided in his post hearing memorandum, the court sets the amount for the Prejudgment Remedy at $273,000. That rounded off figure appears to be the more CT Page 8103 practical.
The defendant is ordered to appear at a deposition to be arranged by counsel within 20 days hereof to disclose his assets. The defendant may post a bond in lieu thereof, provided such bond and subsequent premium payments are paid or put in escrow during the appeal and any subsequent post judgment procedures.
 ______________________ Anthony V. DeMayo Judge Trial Referee