ESSEX GROUP, INC. *v.* DUCCI ELECTRIC COMPANY, INC., ET AL.

COTTER, C. J., BOGDANSKI, HEALEY, PARSKEY and A. ARMENTANO, Js.

Argued June 10—decision released July 15, 1980

*Joseph F. Keefe,* for the appellant (named defendant).

*Alan J. Barth,* with whom, on the brief, was *Richard H. Seidman,* for the appellee (plaintiff).

PER CURIAM. The sole question presented in this appeal is whether it was error for the trial court to grant the plaintiff's application for a prejudgment remedy. The defendant Ducci Electric Company, Inc. (hereinafter Ducci) attacks the court's action because it asserts that there were no facts to support a conclusion that Ducci might be liable to the plaintiff in the amount of $51,839.46, and that the attachment was therefore granted without probable cause, contrary to statute.

This controversy arises from a letter whereby Ducci purportedly agreed to pay for goods sold to the defendant Harris Electric Supply, Inc. (hereinafter Harris) pursuant to certain purchase orders submitted to it by Ducci. When Harris defaulted on its payment to the plaintiff this action was instituted against both defendants. The plaintiff applied for a prejudgment remedy against Ducci for the

entire amount it claimed was owed by Harris. After a hearing the court granted the prejudgment remedy in the amount requested, and Ducci appealed.

The remedy of attaching and securing a defendant's property to satisfy a judgment which the plaintiff may recover is unknown to the common law and is founded on and regulated by our statutory law. *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corporation,* 172 Conn. 577, 582, 376 A.2d 60 (1977). No prejudgment remedy is available to a person in any action unless that person has complied with the provisions of General Statutes §§ 52-278a through 52-278g, which provisions govern prejudgment remedies. General Statutes § 52-278b; *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corporation,* supra, 583. Except in certain instances not applicable to this case, one of the prerequisites to the granting of such a remedy is that the plaintiff or some competent person sign an affidavit stating facts sufficient to establish probable cause that judgment will be rendered in the matter in favor of the plaintiff. General Statutes § 52-278c (A) (b).

Facts enabling the court to establish the amount of damages involved must be alleged in such an affidavit. *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corporation,* supra, 585. The plaintiff's affiant[1] stated that Ducci issued a letter of guarantee to the plaintiff, that Harris failed to pay the amount

---

[1] "AFFIDAVIT IN SUPPORT OF P.J.R. APPLICATION

I, the undersigned, do make affidavit and say that there is probable cause to sustain the validity of the Plaintiff's claim and . . .

2. That there is reasonable likelihood that the defendant:
(a through f not filled out at all)

I base this upon the following Statement of Facts: I am the Treasurer of the Plaintiff, am more than 18 years of age and believe in the obligation of oath; the Defendant issued a letter of guarantee

it owed and that that amount totaled $51,839.46. The affiant nowhere stated that the entire amount of the Harris debt was guaranteed by Ducci. On the contrary, at the hearing the plaintiff's own witness, responding to questioning by the court, testified that $51,839.46 was the sum total of the amounts Harris owed the plaintiff. This statement, coupled with the witness' prior testimony that Harris owed the plaintiff for transactions unrelated to the material ordered for Ducci, establishes that Ducci did not owe the plaintiff the entire amount demanded in the plaintiff's complaint. Because the plaintiff failed to establish the amount Ducci would be liable for were the plaintiff to secure a judgment, it did not sufficiently comply with the probable cause requirements of § 52-278c (A) (b), and the court erred in granting the prejudgment remedy. *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corporation,* supra.

There is error, the judgment granting the application for prejudgment remedy is set aside and the case is remanded for further proceedings according to law.

---

to the Plaintiff on which there is a default by the Defendant-Ducci and the beneficiary of said guarantee, whereby Plaintiff is owed $51,839.46.

R. VanGheluwe

Subscribed and sworn to before me this 16th day of August, 1979.

Donald Mossberg,
Notary Public"