SKENDER MULLAI *v.* MUHAREM MULLAI
(2362)

DANNEHY, C.P.J., TESTO and HULL, Js.

Argued November 1—decision released December 20, 1983

*Bruce L. Levin,* for the appellant (defendant).

*John B. Blank,* with whom was *Raymond E. Blank,* for the appellee (plaintiff).

PER CURIAM. This is an appeal[1] from an order granting a prejudgment remedy in the amount of $70,000 to the plaintiff, Skender Mullai, against the defendant, Muharem Mullai. The defendant claims as error that there was insufficient evidence at the probable cause hearing to support the amount of the attachment order.

The plaintiff's complaint alleges that the defendant has converted to his own use funds in a savings account and money received as rents from real estate, for which he has failed to account to the plaintiff, and it claims damages and requests an accounting. At the probable

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83–29, § 2 (c).

cause hearing held pursuant to General Statutes § 52-278d on the plaintiff's application for a prejudgment remedy, the plaintiff presented evidence in support of the following facts. The plaintiff and the defendant are brothers. On December 4, 1967, a third brother, Hysen Mullai, opened a savings account at the People's Savings Bank in Bridgeport in the name of Hysen Mullai in trust for Muharem Mullai. On February 9, 1978, Hysen executed a "Request for Title Change on Accounts" whereby he changed the trust account into an account in which title was in "Hysen Mullai or Muharem Mullai or Skender Mullai." This type of account is known as an "or account" where the funds are payable to any of the account holders or to the survivor. Hysen Mullai also owned real property as a joint owner with the plaintiff and the defendant. On July 18, 1978, Hysen Mullai died. At the time of his death, the savings account had a balance of $46,989.61. An additional $22,508.97 was deposited into the account by the defendant, who then, on September 15, 1979, withdrew the entire balance of $69,498.58 and transferred the funds into an account opened in his name and in his wife's name.

The case of *Essex Group, Inc.* v. *Ducci Electric Co.*, 181 Conn. 524, 436 A.2d 16 (1980), settles the principle applicable to this case. There, the court said that the plaintiff must establish the probable amount of damages involved. Id., 525. Here, the plaintiff failed to establish the amount of damages to which he would be entitled if he were to succeed on his complaint. He might have established the probable amount of damages in his affidavit, or through testimony at the probable cause hearing, or by documentary proof; but he did not.

The plaintiff's affidavit simply averred that the plaintiff and the defendant inherited from Hysen Mullai

three rental properties[2] and a savings account with a balance of $46,989.61, and that the defendant withdrew the funds from the savings account and has refused to pay the plaintiff his share of the rental receipts.[3] There was neither allegation nor proof that the $22,508.97 deposited by the defendant was attributable to rents from the property jointly held by the plaintiff and the defendant. Nor did the plaintiff claim an ownership interest in the $22,508.97 by virtue of the fact that it was deposited in the savings account on which his name appears. Furthermore, no claim was made as to the amount of the plaintiff's share in the savings account. In fact, it was conceded at oral argument that the plaintiff does not claim entitlement to the full amount in the account at the date of withdrawal and yet the application for prejudgment relief in the amount of $70,000 was granted. The plaintiff was bound to furnish proof of his damage with reasonable probability, and not leave the trial court to speculation and conjecture. The trial court was so left.

The defendant also claims as error the trial court's conclusion that there was probable validity to the plaintiff's claim of conversion. At the probable cause hearing, the task of the trial court is essentially one of weighing probabilities and that task requires the exercise of broad discretion. *Augeri* v. *C. F. Wooding Co.*, 173 Conn. 426, 429, 378 A.2d 538 (1977); see also *William M. Raveis & Associates, Inc.* v. *Kimball*, 186 Conn. 329, 333, 441 A.2d 200 (1982). Consequently, the court's determination as to the probable success of the plaintiff's cause of action should not be disturbed unless

---

[2] The properties were located in Bridgeport, two on Cottage Street and one on State Street. The plaintiff failed, however, to produce evidence at the probable cause hearing with respect to the Cottage Street properties.

[3] The affidavit is incorrect insofar as it states that the savings account and realty were acquired by inheritance. The record from the probable cause hearing discloses that the plaintiff and the defendant acquired their interest in these assets by intervivos gift from Hysen Mullai.

clearly erroneous. *Augeri* v. *C. F. Wooding Co.,* supra. We cannot conclude from the evidence submitted below that the court was clearly in error in finding there was probable cause to sustain the plaintiff's claim.

There is error in part, the judgment, to the extent that it granted prejudgment attachment in the amount of $70,000, is set aside and the case is remanded for further proceedings in accordance with this opinion.