[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR PREJUDGMENT REMEDY
This is a foreclosure action to collect amounts due under two promissory notes from the named defendant which were secured by mortgages on property in Ridgefield. The note for $700,000.00, which is a first mortgage on the property, has a balance of $641,998.61 as of March 10, 1992 and a daily interest rate of $171.87. The other note is for $164,500.00 and has a balance of $201,203.84 as of March 10, 1992 and is secured by a second mortgage. The mortgages are subordinate to taxes to the Town of Ridgefield, but the amount of unpaid taxes, if any, has not been disclosed to the court. The subject property consists of two condominium units numbers 103 and 104 at 90 Grove Street in Ridgefield CT Page 2902 which is a unique, high quality commercial building. Unit 103 is unfinished and Unit 104 is used for the defendant's law office.
The plaintiff claims that foreclosure of the mortgages will not give it adequate security for its present debt of $843,202.47 and that it will have to pursue a deficiency judgment after foreclosure under section 49-14 of the General Statutes. It requests a pre judgment remedy (PJR) on other assets of the defendant in order to obtain security for the anticipated deficiency judgment. A mortgagee may obtain a PJR to provide security for an anticipated deficiency judgment in a foreclosure action. Centerbank v. B T Realty, 5 Conn. L. Rptr. 1 (1991); First Constitution Bank v. Lambert Realty Associates, 5 Conn. L. Rptr. 214 (1991) ; First Constitution Bank v. Universal Development Corporation, 1 Conn. L. Rptr. 765 (1990).
When an application is made for a PJR under section 52-278a et seq. of the General Statutes, the court determines whether there is probable cause to believe that a judgment will be rendered in favor of the plaintiff in a trial on the merits. New England Land Co., Ltd. v. DeMarkey, 213 Conn. 612,620-21; Bank of Boston Connecticut v. Schlesinger,220 Conn. 152, 156. The plaintiff does not have to establish that it will prevail, but only that there is probable cause to sustain the validity of the claim. New England Co., Ltd. v. DeMarkey, supra, 620; Three S. Development Co. v. Santore, 193 Conn. 174, 175. The court determine probable success by weighing probabilities, Bank of Boston Connecticut v. Schlesinger, supra, 156, and has broad discretion in this process from the evidence presented, Williams v. Bartlett, 189 Conn. 471, 483. The court assesses the legal issues and weighs the credibility of witnesses. Darien Realty Advisors, Inc. v. Reeves,10 Conn. App. 145, 146; Solomon v. Aberman, 196 Conn. 359,364.
In this case, the plaintiff has clearly met the probable cause standard for a recovery against the defendant on the two notes secured by the mortgages. However, the plaintiff must also prove probable cause as to the amount of the claim. Union Trust Co. v. Heggelund, 219 Conn. 620,625; Essex Group, Inc. v. Ducci Electric Co., 181 Conn. 524,525-526. At the present time, the amount owed the plaintiff is over $843,000.00 and it increases at a rate of $208.24 per day. The plaintiff bank claims that it will not realize an adequate amount from foreclosure of the two units and that it needs additional security. The defendant claims that the value of the two units significantly exceeds his CT Page 2903 debt to the bank. The purpose of a PJR is to provide adequate security for a plaintiff if it recovers in the underlying action. I fit already has adequate security, it is not entitled to an additional PJR.
The plaintiff had an appraisal done on the two condominium units. Its appraiser testified and his report was marked as an exhibit. He valued Unit 103 at $150,000.00 and Unit 104 at $480,000.00. The defendant, an attorney with experience in real estate matters, explained the features of the two units and the office building, and compared the units to comparable sales in the same building. A party may testify to the value of his own property. Sachs v. Sachs,22 Conn. App. 410, 422. He valued Unit 103 at at least $300,000.00 and Unit 104 at at least $900,000.00.
For purposes of this proceeding, it is not necessary for the court to determine the actual value of each unit, as would be required at a foreclosure or deficiency judgment hearing. It is apparent that Unit 104 in particular is a unique property with high quality improvements. In reaching impressions as to valuation, consideration has been given to the comparable sales of Units 102 and 109 in the same building, including the fact that they were discounted for prompt cash payments. In addition to the value attributable to the net area of Units 103 and 104, the common areas in the building also enhance the fair market value of each of the units. Also, the position of both units in the building, including the view from the units themselves, gives them comparatively higher value than other units in the building, including the comparable sales, Units 102 and 109.
After considering the testimony of the plaintiff's appraiser, his appraisal report and the defendant's testimony, the court finds that the fair market value of Units 103 and 104 exceed the unpaid principal balance and interest on the two notes. The plaintiff has not shown probable cause that the two units will not satisfy its debt or that it will obtain a deficiency judgment.
The application for a PJR is denied.
ROBERT A. FULLER, JUDGE