[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PREJUDGMENT REMEDY
This matter came before the court on an application for a prejudgment remedy pursuant to Section 52-278d(a) of the General Statutes. The basic standard to be applied was set down in Wall v. Tooney, 52 Conn. 35, 36 (1884), a later case is Three S Development Corp. v. Santore, 193 Conn. 174, 175-176
(1984). A party resisting a prejudgment remedy is also entitled to be heard in a meaningful manner. LedgerbrookCondominium Assn., Inc. v. Lusk Corp., 172 Conn. 577 583
(1977), Ayugeri v. C. F. Wooding, 173 Conn. 426, 429 (1977).
At the hearing the plaintiff must not only show that there is probable cause to believe she will prevail on her theories of liability. The plaintiff must also show the probable amount of damages. Damages must be established with "reasonable probability" and not be left to "speculation and conjecture," Mullai v. Mullai, 1 Conn. App. 93, 94-95 (1983), citing Essex Group, Inc. v. Ducci Electric Co., 181 Conn. 524,525 (1980).
The basis of the complaint is an action in tort. The plaintiff owns a home in Avon. The defendant developers began construction of another home to the north of her property. The plaintiff claims that in the course of building a driveway to the home under construction, the defendants encroached on her land and removed trees from her property and otherwise CT Page 5845 denuded a portion of her land which had previously been a gently sloping wooded area. A landscaper testified that the area stripped was approximately 200 feet by 15 feet by 20 feet.
The plaintiff's home is in a wooded residential area and she paid approximately $226,000 for it. The plaintiff's house was completed sometime in late 1993 or early 1994. The activities of the defendant in the complaint are alleged to have commenced around June 1, 1994.
The plaintiff claims that removal of the trees has reduced the value of her premises and her enjoyment of the premises. Given the setting of the house as shown by photos, the court can agree with the latter claim.
The plaintiff also presented the testimony of a landscaper who identified a portion of land referred to above which he was hired to examine. He testified that to replant this area with trees it would cost a total of $88,000-$30,000 for the trees and $58,000 for labor.
In cases of physical harm to land such as the removal of trees, three types of damages are considered by the courts. Commonly the measure of damages is the diminished value of the land caused by the trespass. When an item is taken from the land such as trees, courts have used the actual value of the item taken. Sometimes where the land has special personal use, as a home for example, then a repair cost measure of damages is used, see generally Dobbs, Law of Remedies, Vol 1, §§ 5.1-5.2, also see Anderson v. Edwards, 625 P.2d 282 (Ala. 1981). The courts call this the so-called "personal value rule."
Here the plaintiff presented no evidence as to the diminution in value to the land or the actual lumber value of the trees.
In cases where a home is involved and the harm to the land can reasonably be said to interfere with the enjoyment of the property as I find here, a diminution of land value measure or lumber value measure of damages would as Dobbs points out be unacceptable. This is especially so if the homeowner in fact intends to carry out the repairs which I find to be the case here. She hired a landscaper to estimate CT Page 5846 the costs of repair, the home is a fine one which was recently built and the plaintiff obviously intends to stay there.
But as Dobbs further points out extensive repair costs should not be granted lightly. In McKinney v. ChristianaCommunity Builders, 229 (Al.App. 3d 611, 280 Cal.Rptr. 242, 245 (1991) the court said the cost of repair must bear a reasonable relationship to the value of the house before the harm and to the level of damages actually suffered.
Here a few months before the harm was inflicted the plaintiff paid $226,000 for this home and now to repair the damage to a relatively small portion though admittedly scenic strip of her property she seeks a prejudgment remedy of $88,000, nearly 40% of the total purchase price.
I have further problems with what I thought were the not very exact testimony of how many trees were actually removed although I do find trees were removed and a strip of land belonging to the plaintiff was denuded. Also, the landscaper said his labor costs would be $58,000 and the "replacement" trees would cost $30,000. Not very much in the way of detail was supplied during the hearing to provide a foundation for these costs.
I believe a prejudgment remedy should be awarded but I feel that the $88,000 figure is too high and a figure of $35,000 is more appropriate.
Corradino, J.