[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
While there are immaterial variances between the plaintiff's pleading and proof, there is probable cause that the plaintiff will recover judgment against the defendants on the first count of the complaint insofar as it claims that Gustaf Appleberg caused stock in so-called E-Lite II to be placed in the names of Jean and Mark Appleberg. For purposes of an application for a prejudgment remedy the burden of CT Page 11097 proof is probable cause even where the underlying cause of action sounds in fraudulent conveyance. General Statutes § 52-228d(a)(1); Tyler v.Schnabel, 34 Conn. App. 216 (1994).
There was evidence that the value of E-Lite I, when pledged, was $450,000. The assets of E-Lite I were acquired by so-called E-Lite II. The corporate shell of E-Lite I was merged with Americare Transtech, Inc. Gustaf Appleberg was issued $14,925 shares of Ameritech. There was insufficient evidence of the value of that stock.
The corporate assets of E-Lite I were acquired by so-called E-Lite II. Both E-Lite II and Americare appear to have value. The Americare stock already is secured by the escrow agreement that secured E-Lite I. The sum of $450,000 less the value of the Americare stock ought to be the amount, if any, to which the plaintiff is entitled to a prejudgment remedy. While I recognize the plaintiff's problem of proof as to this matter may be difficult[1] the court cannot grant the application without proof of the probable amount of damages. Mullai v. Mullai, 1 Conn. App. 93,94 (1983).
For this reason, the application is denied.
BY THE COURT,
Bruce L. LevinJUDGE OF THE SUPERIOR COURT