## ANDREW BURNHAM *v.* JOHN CARR, JR.
### (AC 17694)

O'Connell, C. J., and Lavery and Spallone, Js.

Argued January 22—officially released May 25, 1999

*William S. Palmieri*, with whom, on the brief, was *John F. Carr, Jr.*, pro se, for the appellant (defendant).

*Margaret F. Rattigan*, for the appellee (plaintiff).

*Opinion*

LAVERY, J. The defendant, John Carr, Jr., doing business as Carr Homes, appeals from the judgment of the trial court holding him in contempt for failing to pay a garnishment order issued in a collection action. On appeal, the defendant claims, in essence, that (1) he was denied constitutional due process pursuant to General Statutes § 52-278h and (2) the trial court improperly found him to be in contempt.[1] We disagree.

---

[1] The defendant set forth the following claims in his brief: (1) whether failure to comply with the essential requirements of the Connecticut prejudgment remedy statute deprives a court of jurisdiction to schedule, hear or issue an application for a prejudgment remedy, (2) whether an application for a prejudgment remedy should be dismissed if the plaintiff fails to serve the defendant properly, (3) whether the Connecticut prejudgment remedy statute is unconstitutional as applied if it is used to deprive a nonparty of due process, (4) whether a direction for garnishment served by the plaintiff's attorney without a predeprivation hearing and without a showing of exigency violates the due process rights of the defendant and the nonparties against whom it is ultimately enforced, (5) whether the trial court improperly failed to hold a hearing on a motion to vacate, or to dismiss or to open and set aside and then sua sponte denied the motions and (6) whether a finding of

The following facts are relevant to this appeal. During the fall of 1994, the plaintiff, Andrew Burnham, and the defendant entered into a lump sum construction contract for excavation and site work for the construction of a house on real property in East Hampton. The contract was terminated after a dispute arose between the parties as to the value of the services rendered by the plaintiff. In August, 1995, the parties submitted their dispute to arbitration and proceedings were held in February and March, 1996. The arbitrator found in favor of the plaintiff, awarding him the balance due on the contract, interest, attorney's fees and administrative fees. The defendant refused to pay the plaintiff the award. In April, 1996, the plaintiff filed an application to confirm the award and the defendant filed an application to vacate it. The trial court confirmed the award. The defendant again refused to pay the plaintiff and appealed to this court, where we affirmed the judgment of the trial court.[2] The defendant petitioned for certification to appeal to our Supreme Court; certification was denied.[3]

In October, 1996, while the defendant's original appeal was before us, the plaintiff moved the trial court for a prejudgment remedy against the defendant pursuant to General Statutes § 52-278h.[4] The trial court, *DiPentima, J.*, granted the motion to the extent of the arbitrator's award on December 19, 1996. Because the defendant's counsel had filed a general appearance in the action, personal service of the motion and its accompanying documents on the defendant was not necessary

civil contempt is improper when there has been no hearing, no evidence taken, no sworn testimony given, and where the court required nonparties to sign over assets to the plaintiff to allow the defendant to avoid jail time.

[2] See *Burnham* v. *Carr*, 45 Conn. App. 914, 694 A.2d 840 (1997).

[3] See *Burnham* v. *Carr*, 242 Conn. 906, 697 A.2d 687 (1997).

[4] General Statutes § 52-278h provides: "The provisions of this chapter shall apply to any application for prejudgment remedy filed by the plaintiff at any time after the institution of the action, and the forms and procedures provided therein shall be adapted accordingly."

in accordance with General Statutes § 52-278m.[5] As part of the trial court's order, the defendant was ordered to disclose assets sufficient to satisfy the prejudgment remedy within five days. The defendant failed to disclose assets within the time ordered, or ever. In early February, 1997, the plaintiff filed a motion to compel, seeking an order directing the defendant to disclose his assets. The trial court granted the motion to compel and awarded the plaintiff attorney's fees. The defendant again failed to disclose his assets and did not pay the attorney's fees.

By chance, the plaintiff saw a newspaper article concerning the defendant and his construction business. The defendant was building a house for Gary Shields pursuant to a contract. Although the trial court had ordered the defendant to disclose his assets, including any and all debts owing to the defendant, the defendant failed to disclose the existence of the Shields construction contract. Thereafter, on April 9, 1997, the plaintiff had a deputy sheriff serve a copy of the prejudgment order and direction for garnishment on Shields. When the deputy sheriff served the garnishment, he asked Shields the amount of money he owed the defendant, pursuant to General Statutes § 52-331.[6] Shields told the

---

[5] General Statutes § 52-278m provides: "Whenever a prejudgment remedy is sought under the provision of sections 52-278h or 52-278i against a party who has previously filed a general appearance in such action, personal service of any application or order upon such party shall not be required, unless ordered by the court, but any such application or order may be served in the same manner as any motion in such action."

[6] General Statutes § 52-331 provides: "The officer serving process upon any person or corporation named as garnishee shall, at the time of service, make inquiry as to the amount then owed by such garnishee to the defendant in such action; and, if such garnishee thereupon discloses to such officer whether anything is then owed to such defendant, and if so how much, such officer shall then and there endorse such disclosure on such process as part of his return thereon; and such disclosure shall excuse such garnishee from appearing, unless thereafter summoned as a witness, before the court to which such process is returnable, and such court may, without further proof, find the fact to be as shown by such disclosure."

deputy sheriff that he owed the defendant between $12,000 and $20,000. The deputy sheriff instructed Shields to hold those funds until he received further direction from the trial court. In response to the garnishment, the defendant executed a hold harmless letter indemnifying Shields from any liability imposed on Shields as a result of the garnishment or any violation of it. After the garnishment was served on Shields, the defendant incorporated his business as Carr Construction, Inc., and directed Shields to make all future payments to the corporation, despite the fact that Shields never signed a contract with the corporation.

The plaintiff filed another motion to compel. The trial court held a hearing over a number of days. In the interim, the plaintiff filed a motion for contempt. The trial court, *Gaffney, J.*, issued the following order on August 21, 1997: "Defendant, John Carr d/b/a Carr Homes is hereby ordered to refund $22,645 to garnishee Shields, to be held by Shields pending execution by plaintiff, Andrew Burnham. Payment to be made within seven days. If payment is not made, the court will entertain a motion for punitive damages. Attorney's fees granted in the amount of $5436 (plus $840 once affidavit is submitted)."

The defendant did not comply with the August 21, 1997 order. Thereafter, a hearing was held on the plaintiff's motion for contempt and the trial court, *Dunnell, J.*, issued the following order: "The defendant is found to be in contempt of the court's order of August 21, 1997 (*Gaffney, J.*). The defendant has demonstrated no valid defense for failure to obey said orders. The defendant is ordered incarcerated. The defendant may be purged of his contempt upon his payment of $10,000 cash, and upon the execution of a promissory note in favor of the plaintiff in the amount of $18,120 payable within ninety days. Upon receipt of the $10,000, the

clerk's office shall turn said amount over to the plaintiff's attorney." This appeal followed.

## I

With respect to the defendant's claims that his due process rights were violated by the plaintiff's filing a motion for a prejudgment remedy pursuant to § 52-278h, the defendant had seven days in which to file an appeal of the trial court's order of December 19, 1996, granting the prejudgment remedy. See General Statutes § 52-278*l* (b). The defendant filed his appeal on October 15, 1997, more than nine months after the order was granted. Therefore, those claims related to the prejudgment remedy, General Statutes § 52-278a et seq., are untimely and are hereby dismissed.[7]

## II

The defendant's second claim is that the trial court improperly found him to be in contempt. This claim is totally without merit.

"This court's role in reviewing an order of contempt is very limited. Adjudications of contempt are final and may be reviewed only on questions of jurisdiction such as whether the court had authority to impose the punishment inflicted or whether the act for which the penalty was imposed could constitute a contempt. *Fox* v. *First Bank*, 198 Conn. 34, 39, 501 A.2d 747 (1985); *Friedlander* v. *Friedlander*, 191 Conn. 81, 84, 463 A.2d 587 (1983).

"The penalties that may be imposed arise from the inherent common law power of the court to coerce compliance with its orders. *Papa* v. *New Haven Federation of Teachers*, 186 Conn. 725, 737, 444 A.2d 196

---

[7] Furthermore, the defendant's appeal of the judgment granting the plaintiff's application to confirm the arbitrator's award was denied certification by our Supreme Court on July 3, 1997. When certification was denied, the judgment became final and the prejudgment remedy merged into that judgment. See *Samrov* v. *Samrov*, 6 Conn. App. 591, 506 A.2d 1077 (1986). The issue is moot as there is no effective relief that we can grant the defendant.

(1982). The court has power to fine one who has been found in contempt; *Friedlander* v. *Friedlander*, supra, [191 Conn. 86]; and to enforce compliance through appropriate sanctions. *Blaydes* v. *Blaydes*, 187 Conn. 464, 467, 446 A.2d 825 (1982)." *Tufano* v. *Tufano*, 18 Conn. App. 119, 125, 556 A.2d 1036 (1989).

The facts of this case demonstrate that the defendant was indebted to the plaintiff for services provided and failed to pay the plaintiff pursuant to a contract that provided for attorney's fees if the plaintiff had to resort to legal assistance. These facts were determined by an arbitrator and confirmed in a judgment by the trial court. That judgment was affirmed by this court and certification to appeal the affirmation was denied by our Supreme Court.

The plaintiff rightfully sought a prejudgment remedy when the defendant appealed from the trial court's judgment. The defendant refused to disclose his assets and defied the court's order compelling him to do so. By chance, the plaintiff discovered that the defendant was building a house for Shields. The moneys Shields owed the defendant were properly garnished. The defendant subverted the garnishment order by forming a corporation and directing Shields to pay the corporation in exchange for a hold harmless agreement. Although the Supreme Court denied certification in early July, 1997, the defendant persisted in refusing to pay over the money due the plaintiff until September, 1997, when the trial court found him to be in contempt of multiple court orders and incarcerated him until he paid his debt. The defendant's blatant disregard of the plaintiff's rights and the authority of our judicial system will not be tolerated. We find all the other claims of the defendant are subsumed in the two issues discussed and without merit. We, therefore, decline further review.

The judgment is affirmed.

In this opinion the other judges concurred.