### TOWN OF EAST LYME *v.* ALFRED WOOD ET AL.
### (AC 18218)

O'Connell, C. J., and Spear and Sullivan, Js.

Argued March 22—officially released August 10, 1999

---

*Barry Ward,* for the appellants (defendants).

*David P. Condon,* for the appellee (plaintiff).

*Opinion*

O'CONNELL, C. J. The defendants appeal from the judgment of the trial court granting the plaintiff town of East Lyme (town) a prejudgment attachment of certain real estate. The defendants claim that the trial court improperly found that (1) a prior injunction authorized the plaintiff to enter upon the defendants' land, (2) it had subject matter jurisdiction over a motion for payment and (3) the plaintiff complied with General Statutes § 52-278b. We affirm the judgment of the trial court.

The following facts are necessary for a resolution of this appeal. For nearly forty years, the defendants, Alfred Wood and Sarah Wood, operated a window repair business on their East Lyme property. Over the years, excess glass, windows and old frames, among other things, accumulated on the Woods' property. In 1981, the town commenced a zoning enforcement action to compel the Woods to remove the inordinate quantity of debris from their land. That action culminated in a stipulated judgment for a permanent mandatory injunction.

The stipulated judgment states that "there shall be no deposit, collection or storage of broken, used or discarded parts of windows and doors, scrap aluminum, glass, automobile or truck tires, unusable stoves, refrigerators or house furnishings, wrecked or broken down

vehicles or parts thereof, demolition materials or other items of trash or debris." The judgment also provided that if the Woods did not comply with its terms by May 1, 1982, the town, upon ten days of written notice to the Woods, could enter the property and perform such work as was necessary to bring the premises into compliance. Furthermore, if the town did enter and clear the property, it would be at the Woods' expense.

Sometime after the trial court rendered the injunction, the Woods made an attempt to place the property in compliance. In February, 1997, however, the town determined that the Woods had not done so and, relying on the self-help provision in the 1981 injunction, directed agents of the town to enter onto the Woods' property to remove the accumulated waste and debris.[1] The town incurred expenses of $13,671.05 in bringing the defendants' property into compliance with the injunction and filed a motion for payment pursuant to the judgment. On March 13, 1998, the trial court granted the town's application for a prejudgment remedy of attachment of the defendants' property.

As a threshold matter, we note the nature of the proceedings that were before the trial court. In response to the town's application, the trial court conducted a hearing and concluded, inter alia, that the town had established that there was probable cause that it would prevail on the merits of the case. Accordingly, the trial court granted the town's application. The defendants have appealed from the judgment granting of the application for attachment.

We emphasize that a hearing on an application for a prejudgment attachment is not a full-scale trial on the

---

[1] According to the transcript, the trial court questioned the lapse in time between the 1981 injunction and the 1997 cleanup. The transcript reveals that there were numerous attempts by the town to contact the defendants. In addition, town officials mailed numerous letters to the defendants requesting immediate "clean-up efforts."

merits of a plaintiff's claim. *Fischel* v. *TKPK, Ltd.*, 34 Conn. App. 22, 24, 640 A.2d 125 (1994). "In acting on a prejudgment remedy motion, the trial court must evaluate the arguments and evidence produced by both parties to determine whether there is probable cause to sustain the validity of the plaintiff's claim." (Internal quotation marks omitted.) *Tyler* v. *Schnabel*, 34 Conn. App. 216, 219, 641 A.2d 388 (1994); see General Statutes § 52-278d (a).

"This court's role in reviewing the trial court's ruling on a prejudgment remedy is limited. It is not to duplicate the trial court's weighing process, but rather to determine whether its conclusion was reasonable. In the absence of clear error, this court should not overrule the thoughtful decision of the trial court, which has had an opportunity to assess the legal issues which may be raised and to weigh the credibility of at least some of the witnesses." (Internal quotation marks omitted.) *Tyler* v. *Schnabel*, supra, 34 Conn. App. 220.

I

The defendants first claim that the trial court improperly granted the prejudgment attachment because the injunction did not authorize the town to enter and clear the property. This claim is without merit.

"The construction of a judgment is a question of law with the determinative factor being the intent of the court as gathered from all parts of the judgment." *Mazziotti* v. *Allstate Ins. Co.*, 240 Conn. 799, 806, 695 A.2d 1010 (1997). "Effect must be given to that which is clearly implied as well as to that which is expressed. . . . [W]here the language is clear and unambiguous it becomes a question of law for the court." (Citation omitted; internal quotation marks omitted.) Id., 807

The defendants claim that the trial court improperly found that the 1981 injunction authorized the plaintiff

to enter upon the defendants' land to clear the property. The stipulated judgment states that "there shall be no deposit, collection or storage of broken, used or discarded parts of windows and doors, scrap aluminum, glass, automobile or truck tires, unusable stoves, refrigerators or house furnishings, wrecked or broken down vehicles or parts thereof, demolition materials or other items of trash or debris." The judgment states that if the Woods did not comply with its terms by May 1, 1982, the town could enter the property and perform such work as was necessary to bring the premises into compliance.

The record reflects that the trial court reasonably could have determined that the defendants never complied with the injunction and that the self help remedy available to the plaintiff remained in effect. The trial court heard testimony from the defendants regarding the level of compliance and testimony from the town indicating the amount of debris that the town removed from the property. We find that the trial court's conclusion that the original injunction was never complied with was founded upon a reasonable basis and that the trial court acted well within its broad discretion in determining that a prejudgment remedy should be granted.

II

The defendants next claim that the trial court lacked subject matter jurisdiction to award the town a money judgment based on a motion for payment. This claim is without merit. Because this is an appeal from the granting of a prejudgment attachment, we consider this issue only insofar as it relates to the probability that a judgment will be rendered against the defendants in the underlying action.

The trial court, in the exercise of its equitable powers, has the authority to fashion whatever orders are

required to protect the integrity of its original judgment. *Hall* v. *Dichello Distributors, Inc.*, 14 Conn. App. 184, 192–93, 540 A.2d 704 (1988). In 1981, the trial court issued an injunction with a self-help provision for the town in the event that the defendants failed to comply with the order. We conclude that the trial court had jurisdiction to issue its order because the motion for payment is a foreseeable extension of that original injunction and that order did not operate to modify or to alter the terms of the original judgment. Because a permanent injunction does, in fact, require continuing jurisdiction, the trial court did not lack jurisdiction to enforce its prior judgment. Id., 193. The town's motion for payment was properly before the court.

### III

The defendants' final claim is that the trial court lacked subject matter jurisdiction over the town's application because the town did not comply with § 52-278b.[2] General Statutes §§ 52-278a through 52-278g set forth the forms and procedure, including service on the defendant, for obtaining a prejudgment remedy prior to the commencement of suit.

The defendants' argument fails, however, because General Statutes §§ 52-278h and 52-278m control applications for prejudgment remedies in a case, like the present, where the action has already been instituted.[3]

---

[2] General Statutes § 52-278b provides in relevant part: "Notwithstanding any provision of the general statutes to the contrary, no prejudgment remedy shall be available to a person in any action at law or equity (1) unless he has complied with the provisions of sections 52-278a to 52-278g, inclusive . . . ."

[3] General Statutes § 52-278h provides: "The provisions of this chapter shall apply to any application for prejudgment remedy filed by the plaintiff at any time after the institution of the action, and the forms and procedures provided therein shall be adapted accordingly."

General Statutes § 52-278m provides: "Whenever a prejudgment remedy is sought under the provisions of sections 52-278h or 52-278i against a party who has previously filed a general appearance in such action, personal service of any application or order upon such party shall not be required,

Section 52-278h provides for the appropriate modification of the statutory forms and § 52-278m eliminates the requirement of personal service on the defendant. "Because the defendant's counsel had filed a general appearance in the action, personal service of the motion and its accompanying documents on the defendant was not necessary . . . ." *Burnham* v. *Carr*, 53 Conn. App. 425, 427–28, 730 A.2d 643 (1999); see also *Brookfield* v. *Greenridge*, 35 Conn. Sup. 49, 393 A.2d 1316 (1977) (phrase after institution of action sufficiently broad to include period when case on appeal after judgment in trial court).

The defendants claim further that the underlying injunction action is not pending and, therefore, the matter at issue in this case is a postjudgment remedy and not a prejudgment remedy. This claim has no merit. The case is still in court, and the town is seeking a determination of the amount that the defendants owe for property clearing. Until that determination is made, the town is entitled to a prejudgment attachment to secure any monetary order that may be rendered.

The judgment is affirmed.

In this opinion the other judges concurred.

unless ordered by the court, but any such application or order may be served in the same manner as any motion in such action."