[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS APPLICATION FOR PREJUDGMENT REMEDY
The plaintiffs, Brian Burke and Donald Sheldon, filed an application for a prejudgment remedy (PJR) on October 27, 1999. The underlying action commenced on August 16, 1999. The complaint alleged that the defendants have failed to pay the plaintiffs pursuant to their contract. The PJR application seeks to secure an amount that is commensurate with an anticipated judgment in their favor. A hearing on the matter was ordered for November 22, 1999. The defendants filed a motion to dismiss the PJR application on January 31, 2000 on the ground that the plaintiffs failed to take into account any "defenses, set-offs, or counterclaims" in computing the anticipated judgment in their favor. On February 4, 2000, the plaintiffs filed an objection to the motion to dismiss, along with a supplemental affidavit supporting the PIER application, which contained the necessary platitudes.
"Section 52-278h provides for the appropriate modification of the statutory forms. . . ." East Lyme v. Wood, 54 Conn. App. 394, 400,735 A.2d 843 (1999). "The central concern of the court on a motion to dissolve a prejudgment remedy is whether or not the continuation of the remedy as an encumbrance upon the defendant's property will unjustly deprive him of the use of that property to a greater degree than is reasonably justified in view of the substantive basis for its CT Page 5467 issuance and the process by which that was done." Neiditz v. MagicVideo, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 536733 (November 23, 1994, Sheldon,J.) (13 Conn.L.Rptr. 88, 89). "[I]t is unnecessary to decide whether those omissions are fatal to the plaintiffs prejudgment remedy, because the plaintiff filed a supplemental affidavit prior to the date initially set for hearing on the matter. This affidavit cured all of the omissions pointed out by the defendants." Fleet Bank, N.A.v. Central Realty Assoc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 557010 (January 7, 1998,Teller, J.) (21 Conn.L.Rptr. 174). In this case, a hearing on the merits of the application has yet to be held, nor has there been an attachment.
The plaintiffs filed a supplemental affidavit on February 7, 2000. It is submitted that any fatal defect in the application for prejudgment remedy, as pointed out by the defendant, has been cured.
___________________ JOHN W. MORAN, JUDGE