[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON APPLICATION FOR PREJUDGMENT REMEDY
The plaintiff, a creditor, has sought a prejudgment remedy ("PJR") against the defendants pursuant to General Statutes § 52-278a et seq. in its action based upon fraudulent transfer, CUTPA, common law fraud and successor liability. At the hearing the plaintiff modified its request for a Pill to $85,300, the amount of a judgment it obtained in Massachusetts against the defendant The Construction Group, Inc. in October, 1999.
In order to obtain a PR, the applicant need only establish probable cause for the validity of its claim, State v. Ham, 253 Conn. 566, 569
(2000). Section 52-278d provides that if probable cause is established that judgment will be rendered in the applicant's favor in the amount sought, the PJR should be granted. The hearing on such an application is not a full-scale trial on the merits but concerns only whether the applicant is entitled to retain custody of the defendant's property pending final adjudication. Soltesz v. Miller, 56 Conn. App. 114, 116
(1999). At the hearing, the court evaluates the evidence and arguments to determine whether there is probable cause to sustain the validity of the applicant's claim. East Lyme v. Wood, 54 Conn. App. 394, 397 (1999).
The applicant need not prove that the claim will definitely succeed at trial, but only that there is probable cause to sustain the legitimacy of the claim. Giordano v. Giordano, 39 Conn. App. 183, 206 (1995). For purposes of § 52-278d, "probable cause" is "a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a person of ordinary caution, prudence and judgment, under the circumstances, in advancing the action." Tyler v. Schnabel,34 Conn. App. 216, 219-20 (1994) (claim under the fraudulent transfer act, § 52-552a). It "is a flexible common sense standard that does not demand that a belief be correct or more likely true than false."Fisehel v. TKPK, Ltd, 34 Conn. App. 22, 24 (1994).
In addition to bearing the burden of establishing the probability that CT Page 11579 a defendant is liable under one or more of the claims alleged, a plaintiff seeking a PJR must also establish the probable amount of his damages through testimony at the probable cause hearing or by documentary proof Essex Group, Inc. v. Ducci Electric Co., 181 Conn. 524 (1980);Mullai v. Mullai, 1 Conn. App. 93, 94 (1983).
The plaintiff has met its probable cause burden here by showing at the hearing that (1) Mid-State Metal Building Company, LLC was formed in February 1999 while the plaintiffs action was pending in Massachusetts, (2) The Construction Group, Inc. was during this time period allowed by the sole shareholder defendant Rompre to disengage from active business[1], and (3) this action was taken by the defendant Rompre to hinder collection on a possible judgment by the plaintiff against The Construction Group, Inc., DBA Metal.[2]
On the issue of damages, the plaintiff failed to prove at the PJR hearing, as alleged in the complaint, that Rompre transferred funds out of DBA Metal or The Construction Group, Inc. to the Metal LLC. Cf.Davenport v. Quinn, 53 Conn. App. 282, 303 (1999). On the other hand, the plaintiff sufficiently established under the requisite standard for a PJR that the Metal name and the good will of the DBA were now allowed to develop in the new LLC. There were lost opportunities for the DBA to earn funds to satisfy its creditors, including the plaintiff.
The defendant argues that such losses have no concrete value, but the plaintiff is correct that this is an early stage in the proceedings. The court believes, based on the record developed at the hearing, that the plaintiff has established probable damages in an amount equal to half of his Massachusetts judgment. Therefore the application for PJR is granted against the defendants in the amount of $42,500. So ordered.
 ________________ Henry S. Cohn